The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, AR 72641
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following questions:
 1. Under what circumstances, if any, may the Ten Commandments be displayed on the walls of a public courtroom?
 2. What elements would need to be contained in a public display of historical documents, including the Ten Commandments, for such a display to be permissible under the law?
 3. In particular, may a court display on its courtroom walls copies of historical documents, including some or all of the following: excerpts from Hammurabi's Code, the Ten Commandments, excerpts from the Hebrew Code, excerpts from the Magna Carta, the Mayflower Compact, excerpts from the Declaration of Independence, and the Bill of Rights?
 4. May a court display, along with such historical documents, artwork depicting landmarks in the history of law, such as Moses' presentation of the Commandments, King John's signing of the Magna Carta, the Pilgrims' signing of the Mayflower Compact, and Jefferson's presentation of the Declaration of Independence?
RESPONSE
I must respectfully decline to answer these questions because the issue of when the Ten Commandments may be displayed upon public property is currently the subject of litigation in the Eighth Circuit, which includes Arkansas. On April 6, 2004, the Eighth Circuit Court of Appeals vacated its opinion in ACLU of Nebraska v. City of Plattsmouth, Nebraska,358 F.3d 1020 (8th Cir. 2004), and granted a petition for rehearing enbanc. The court heard oral arguments this month on that case, which directly concerns the issue of when the Establishment Clause of the United States Constitution might permit displaying the text of the Ten Commandments on public property.
I will further note that the question of whether a public entity may display the Ten Commandments was at issue in Baker v. Adams County/OhioValley School Board, 86 Fed. Appx. 104 (6th Cir. 2004), in which the Sixth Circuit Court of Appeals recently held that the display of the Ten Commandments on the grounds of four schools in conjunction with various secular historical documents violated the Establishment Clause of theFirst Amendment. The court in Baker recited as controlling authority ACLUof Kentucky v. McCreary County, Kentucky, 354 F.3d 438 (6th Cir. 2003), in which the court held that the courthouse and classroom display of the Ten Commandments in conjunction with various secular historical documents likewise offended the Establishment Clause. My inquiries reveal that a petition for a writ of certiorari in the Baker case is currently pending in the United States Supreme Court. If the Court grants certiorari, then, the Court will address the very issues raised in your request.
My policy of declining to opine on issues that are the subject of pending litigation is based primarily upon the separation of powers doctrine.See, e.g., Ark. Ops. Att'y Gen. Nos. 2003-182; 2003-032; 2002-302; 99-389; 97-329; 97-105. Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body. Accordingly, I regret to say that I cannot address your question at this time.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh